United States District Court
Southern District of Texas
**ENTERED**
April 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANCISCO DURAN, JR., § | |
|    Petitioner, § | |
| § | |
| v. § | Civil Action No. 18-cv-099 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|    Respondent. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Petitioner Francisco Duran, Jr.'s 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Duran's "Petition"), and Respondent Lorie Davis's "Motion for Summary Judgment with Brief in Support" (hereinafter, Davis's "Motion" or "Motion for Summary Judgment"). Dkt. Nos. 1, 29. For the reasons set forth below, it is recommended that the Court **GRANT** Davis's Motion, and that Duran's Petition be **DISMISSED**, because it is time-barred. It is further recommended that a certificate of appealability not issue.

### I.    Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where his state conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961−62 (5th Cir. 2000). Duran was convicted in Cameron County, Texas, which is

located in the Brownsville Division of the Southern District of Texas. *See* Dkt. No. 19-25 at 84−88; *see also* 28 U.S.C. 124(b)(5). Jurisdiction is therefore proper in this Court.

## II.     Background and Procedural History

On March 28, 2012, a grand jury returned an indictment charging Duran with Burglary of a Habitation,[1] Aggravated Assault with a Deadly Weapon,[2] and an enhancement count for being a repeat/habitual felony offender.[3] *See* Dkt. No. 19-25 at 15−17. Duran's jury trial for these offenses began on April 16, 2012, in the 445th Judicial District Court in Cameron County, Texas. Dkt. No. 19-27 at 3. The jury returned a verdict of "guilty" on both counts, found the enhancement allegation to be "true," and assessed punishment at 25 years imprisonment.[4] Dkt. No. 19-33 at 6−8. Judgment was entered on April 23, 2012. Dkt. No. 19-25 at 87−88.

The Thirteenth Court of Appeals modified and affirmed Duran's conviction on July 3, 2013. *See Duran v. State*, No. 13-12-00344-CR, 2013 WL 3378327 (Tex. App.—Corpus Christi-Edinburg, July 3, 2013) (not designated for publication); *see also* Dkt. No. 19-4 (containing a copy of the decision). Pursuant to Texas law, Duran had 30 days from the date of that decision to file a Petition for Discretionary Review ("PDR"). TEX. R. APP. PRO. 68.2(a).

---

[1] TEX. PENAL CODE ANN. § 30.02(c)(2).

[2] TEX. PENAL CODE ANN. §22.02(a)(2).

[3] TEX. PENAL CODE ANN. § 12.42.

[4] Although the jury found Duran guilty of both counts, the prosecutor declined to seek punishment for the Aggravated Assault with a Deadly Weapon count due to Double Jeopardy concerns. Dkt. No. 19-36 at 8. The 25-year sentence, then, reflects Duran's conviction for Burglary of a Habitation and the jury's determination that the enhancement allegation was true. Dkt. No. 19-36 at 36−43, 57−58.

After missing the 30-day window, Duran signed and mailed a state application for permission to file an out-of-time PDR. Dkt. No. 19-41 at 4–21. On March 25, 2015, the 445th District Court permitted Duran to file his out-of-time PDR, which Duran had originally mailed more than one year past the deadline.[5] Dkt. No. 19-38 at 1. Subsequently, on June 22, 2016, the Texas Court of Criminal Appeals modified and affirmed Duran's conviction. Dkt. No. 19-7. Duran did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On April 21, 2017, Duran signed a state habeas petition,[6] which was received and filed on April 24, 2017. Dkt. No. 19-47 at 4–23. The Texas Court of Criminal Appeals denied his request for relief without written order on November 15, 2017. Dkt. No. 19-43 at 1. Duran alleges that he was first informed of the Texas Court of Criminal Appeals' decision on February 15, 2018. Dkt. No. 27 at 3–4. Duran signed the instant Petition on May 2, 2018, and avers that it was placed in the prison mail system on May 3, 2018. Dkt. No. 1 at 10. Davis responded by filing her Motion for Summary Judgment. Dkt. No. 29.

### III. Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA")[7] governs petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335–36, 117 S. Ct.

---

[5] Duran signed his PDR on December 17, 2014, and the state court received it on December 24, 2014. Dkt. No. 19-41.

[6] Duran's state habeas petition was filed pursuant to TEX. CODE CRIM. PROC. Art. 11.07.

[7] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

2059, 138 L. Ed. 2d 481 (1997). Codified as amended at 28 U.S.C. § 2244(d), the AEDPA establishes a one-year limitations period applicable to § 2254 petitions. *Lindh*, 521 U.S. at 336. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under certain circumstances, this one-year limitations period may be tolled. For instance, the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2). In accordance with § 2244(d)(2), the Fifth Circuit has held that where a state requires a prisoner to exhaust certain administrative procedures prior to filing a habeas application, the time period during which the prisoner begins and

exhausts said administrative procedures also tolls the limitations period. *Stone v. Thaler*, 614 F.3d 136, 138–39 (5th Cir. 2010).

In addition to statutory tolling, the one-year limitations period may be equitably tolled "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) ("Only extraordinary cases justify the invocation of equitable tolling[.]") (internal quotation marks and citation omitted). A petitioner is entitled to equitable tolling only upon showing that he has met the following two elements: (1) "he has been pursuing his rights diligently," and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted). The petitioner seeking equitable tolling bears the burden of establishing that he is entitled to it. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511, *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

### IV.    Discussion

Duran's final direct appeal was decided by the Texas Court of Criminal Appeals on June 22, 2016. Dkt. No. 19-7. Following that decision, Duran had ninety days to file a petition for writ of certiorari with the United States Supreme Court. Because Duran did not do so, his conviction became "final" for purposes of the AEDPA limitations period

on September 20, 2016.  *See Jimenez v. Quarterman*, 555 U.S. 113, 120, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) (noting that convictions are final for purposes of the AEDPA limitations period once time for seeking certiorari in the Supreme Court has expired). Duran's limitations period, then, would have expired on September 20, 2017, absent any applicable tolling provisions.

   *A. Statutory Tolling*

Duran is entitled to statutory tolling because he properly filed a state habeas petition after the adjudication of his PDR.  *See* 28 U.S.C. § 2244(d)(2); *see also Jimenez*, 555 U.S. at 120 (explaining that where Texas courts grant an out-of-time PDR, the pendency of a petitioner's direct appeal is restored).  Duran's state habeas petition was filed[8] on April 24, 2017 (Dkt. No. 19-47 at 3–4) and decided on November 15, 2017 (Dkt. No. 1 at 13; Dkt. No. 19-43 at 1): a period of 205 days.  Consequently, Duran's new federal habeas deadline became April 13, 2018.  Duran signed the instant Petition on May 2, 2018, and placed it in the prison mail system on May 3, 2018.[9]  Dkt. No. 1 at 10. Absent any additional tolling, Duran's Petition is time-barred because it was filed twenty days after the expiration of the limitations period.  *See* In re *Lewis*, 484 F.3d 793, 796 (5th Cir. 2007) (denying authorization to file a habeas petition because it was filed

---

[8] Texas state courts follow the "prisoner mailbox rule," which provides that pro se prisoners are deemed to have "filed" documents at the time they were delivered to the appropriate prison authorities for forwarding to the clerk of court, assuming that the documents are properly addressed.  *See Ramos v. Richardson*, 229 S.W. 3d 671, 673 (Tex. 2007); *accord Campbell v. State*, 320 S.W. 3d 338, 342 (Tex. Crim. App. 2010).  Although the date April 21, 2017 appears next to Duran's signatures on this petition, he makes no averment regarding when he gave prison officials these documents for mailing to the court. However, even assuming that April 21, rather than April 24, is the correct date, Duran's Petition would still be untimely.

[9] Federal habeas petitions are also subject to the "prisoner mailbox rule."  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

one day late); *accord Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002) (concluding that missing the AEDPA deadline by even one day renders a federal petition untimely); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (dismissing as time-barred a federal habeas petition filed four days after the limitations period expired).

B. *Equitable Tolling*

Duran argues that he is entitled to an additional ninety days of tolling because of the delay between the adjudication of his state habeas petition and his receipt of that that decision. Where a petitioner claims a delay between the date his state habeas petition was adjudicated and his receipt of that decision, the Fifth Circuit has intimated that equitable, rather than statutory, tolling principles apply.[10] *See, e.g.*, *Clarke v. Rader*, 721 F.3d 339, 342–43 (5th Cir. 2013) (expressing doubt that statutory tolling would apply in a situation where a petitioner claims he was *never* notified that the state court had rendered a decision on his habeas petition, instead opting to apply equitable tolling principles); *see also Critchley v. Thaler*, 586 F.3d 318, 321 n.3 (5th Cir. 2009) ("[W]hen the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, *equitable tolling rules govern* that situation.") (emphasis added).

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[10] Assuming dubitante that statutory tolling principles apply in this case, Duran has not met his burden of showing that he was "prevented from filing" his federal Petition as a result of an "impediment" that was "created by State action in violation of the Constitution or laws of the United States." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003); 28 U.S.C. §2244(d)(1)(B). First, as the State notes in its Motion for Summary Judgment, it is unclear whether there truly was a ninety-day delay between the state court decision and Duran being notified. *See* Dkt. No. 29 at 8–9. Second, even if the failure to provide Duran with notice of the state court decision was a state-created impediment, Duran makes no causal connection between that failure and his ability to timely file a federal habeas petition.

stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (internal quotation marks omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is reserved for "rare and exceptional circumstances." *Patterson*, 211 F.3d at 928. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511.

Duran has not shown that he pursued his rights diligently during the limitations period. Even assuming Duran did not receive notice of his state habeas denial until February 15, 2018, he still would have had nearly two months remaining in his federal limitations period to file his Petition. Duran provides no explanation for the more than two-and-a-half-month delay between the alleged receipt of his state habeas decision and his filing of his Petition. Further, he does not identify any "extraordinary circumstance" that hindered his ability to file his Petition on or before April 13, 2018. Accordingly, Duran is not entitled to equitable tolling, and his Petition is time-barred. Duran's Petition should, therefore, be dismissed.

## V.    Evidentiary Hearing

In addition to his Petition, Duran has filed a "Motion for an Evidentiary Hearing." Dkt. No. 43. However, based upon the record before the Court, the instant action is untimely, and an evidentiary hearing is unnecessary.

## VI. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition state a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Duran has not made a substantial showing of the denial of a constitutional right.

## VII. Recommendation

It is recommended that the State's Motion for Summary Judgment be **GRANTED**, and that Duran's Petition be **DISMISSED** as time-barred. It is further recommended that a certificate of appealability not issue.

## VIII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 11th day of April, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**